IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SAKINA ANN HJERPE,                          Civ. No. 6:22-cv-00351-AA

         Plaintiff,                           **OPINION & ORDER**

    v.

CORVALLIS POLICE DEPARTMENT;
OFFICER DOTTY; JOEL MASON;
BLACK COP,

         Defendants.

AIKEN, District Judge.

    *Pro Se* Plaintiff Sakina Ann Hjerpe seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff also moves for appointment of counsel. ECF No. 3. For the reasons set forth below, Plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. The Court defers ruling on the IFP petition pending submission of the amended complaint.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff's Complaint alleges that the individual named Defendants are Corvallis police officers and that on September 28, 2021, "3 policemen acted violently and beat me almost to death due to allegations, thus I am nobody black woman/mother and they felt they were disciplining me." Compl. 4. The Complaint does not allege any other facts. From this, the Court understands that Plaintiff is alleging a claim for excessive force in violation of Plaintiff's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. In her civil cover sheet, Plaintiff has checked boxes indicating that she brings claims for assault, libel, and slander; other personal injury; property damage; civil rights violations; violations of the Americans with Disabilities Act; and the False Claims Act. No facts are alleged in support of these claims, nor does Plaintiff make any allegations against the Defendant Corvallis Police Department, as distinct from her claims against the individual officers. Although federal pleadings standards are lenient, plaintiffs must

still allege sufficient facts to state a claim and the Court concludes that, in this case, Plaintiff has not done so.

However, the Court concludes that Plaintiff might be able to make out a claim by the allegation of additional facts and so she will be given leave to file an amended complaint. In drafting the amended complaint, Plaintiff should include a short and plain statement of her claim or claims laying out the facts of her case, how each of the defendants have harmed her, and why those defendants should be held liable for her injury. Plaintiff should also bear in mind that the Court does not know anything about the facts of her case, other than what she puts in the amended complaint. The amended complaint does not need to be extremely detailed, but it should include enough information for the Court and Defendants to understand the claims being made against them.

Finally, the Court declines to appoint counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to appoint pro bono counsel as Plaintiff has failed to state a claim. In addition, the Court notes that in her motion for appointment of counsel, Plaintiff checked the box indicating that she had not contacted any lawyers, law firms, or legal clinic to ask about representation. Although Plaintiff has made a showing of indigency, the Court is aware that there are attorneys who take such cases on a contingency basis and

Plaintiff would be well advised to contact an attorney before renewing her motion to appoint counsel.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED. The Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. The Court will defer ruling on Plaintiff's IFP petition pending submission of the amended Complaint.

It is so ORDERED and DATED this ___10th___ day of March 2022.

/s/Ann Aiken
ANN AIKEN
United States District Judge